```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.13-24619-CIV-MORENO
                                    (08-20701-CR-SEITZ)
                              MAGISTRATE JUDGE P. A. WHITE
```

MIGUEL CABELLO,                      :

    Movant,                          :

v.                                   :            **REPORT OF**
                                                             **MAGISTRATE JUDGE**

UNITED STATES OF AMERICA,            :

    Respondent.                      :
_____

      This matter is before this Court on the movant's motion to vacate pursuant 28 U.S.C. §2255, attacking his Judgement following convictions for health care fraud in case no. 08-20701-Cr-Seitz, entered upon a guilty plea.

      Cabello raises the sole claim that his Judgement contains a restitution portion for a sum of $483,447.00, despite the fact that the government advised the Court that it had been able to obtain these funds with the assistance of the petitioner and he did not owe any further monies.

      This claim is not cognizable in this proceeding. Pursuant to 28 U.S.C. §2255, a federal court may only consider a claim that challenges custody under a federal criminal conviction or sentence. See 28 U.S.C. § 2255; United States v. Wilcox, 640 F.2d 970, 972 (9th Cir.1981). The statute does not authorize collateral attacks on restitution portions of a sentence. See Blaik v. United States, 161 F.3d at 1341, 1352 (11th Cir. 1998)(§2255 motion cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence; §2255 affords relief only to those

prisoners who claim the right to be released from custody.); Cani v. United States, 331 F.3d 1210 (11th Cir. 2003).

This extends to claims of ineffective assistance of counsel for failure to challenge fines or restitution orders. In Bacerio v. United States, No. 00-12575 (11 Cir. May 25, 2001), lower court case no. 99-01047-Civ-SH, DE# 16, the court, in a footnote, found that the logic of Blaik extends to preclude a claim of ineffective assistance of counsel solely based upon an allegedly excessive fine. As the Court held in Blaik, the requested remedy is beyond the relief offered by the statute, because § 2255 affords relief only to those prisoners who claim the right to be released from custody. A successful attack on the schedule of a fine would not result in a release from custody.

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 6th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Miguel Cabello, Pro Se
    Reg. No. 19796-052
    D. Ray James Correctional Institution
    Address of record

    AUSA of record